**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTOPHER FIELDING, | DOCKET NUMBER |
| Appellant, | SF-0752-24-0578-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: February 18, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chalmers Johnson</u>, Esquire, Port Orchard, Washington, for the appellant.

<u>Joshua J. Roever</u> and <u>Audrey Mense</u>, Esquire, Bremerton, Washington, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on his failure to maintain a condition of employment following the suspension of his access to classified information. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant asserts, as he did before the administrative judge, that the indefinite suspension does not have a valid condition subsequent that would end the suspension because there is no evidence of a pending security clearance investigation. Petition for Review (PFR) File, Tab 1 at 6-8; *see Jones v. Department of the Navy*, 48 M.S.P.R. 680, 686 (1991) (requiring, for an indefinite suspension taken because of a failure to maintain a security clearance, that the agency prove that a bona fide security clearance investigation was taking place), *aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223 (Fed. Cir. 1992). Before the administrative judge, the agency filed an affidavit from a Personnel Security Specialist, wherein she declared that she submitted information about the appellant's security incident to the Defense Counterintelligence Security Agency (DCSA), that she received a notification from DCSA that information was forwarded to an adjudicator, and that "adjudication is in progress." Initial Appeal File (IAF), Tab 11 at 30. The agency did not explain the relevant policies and procedures governing DCSA's adjudication of information about a security incident. However, Secretary of the Navy Instruction 5510.30C, Enclosure 10, ¶ 6(e)-(f) (Jan. 24, 2020), which is

publicly available,[2] explains that the local suspension of an employee's access to classified information—as was the case here—"will automatically result in the [ ] suspension of the individual's security clearance eligibility," and "[o]nce the DoD CAF [Department of Defense Consolidated Adjudication Facility] removes/suspends eligibility, the individual may not be granted access unless the DoD CAF reestablishes eligibility." The DoD CAF is now known as the DCSA Adjudication and Vetting Service.[3] Considering the agency's evidence, in the form of a sworn declaration, in conjunction with the aforementioned policies, we agree with the administrative judge that the agency proved that there is a pending security clearance investigation. ID at 6-7; *see Jones*, 48 M.S.P.R. at 686 (accepting, as evidence to establish that a security clearance investigation was ongoing, sworn affidavits from the agency). On review, the appellant has also reraised his assertions that the agency violated his due process rights and the regulations at 32 C.F.R. § 154.56. PFR File, Tab 1 at 8-12. For the reasons explained in the initial decision, we find that these assertions are unpersuasive. ID at 7-10.

On September 8, 2025, approximately 9 months after filing his petition for review, the appellant filed an additional pleading entitled "Supplement to PFR." PFR File, Tab 4 at 1. In his pleading, he asserted that he had obtained new evidence from a Freedom of Information Act (FOIA) request that he submitted in June 2025. *Id.* at 4. The pleading was docketed as a reply to the agency's response to the petition for review. The agency subsequently filed a motion for leave to respond to the appellant's supplemental evidence or to strike the

---

[2] This policy is available at https://www.secnav.navy.mil/doni/Directives/05000%20 General%20Management%20Security%20and%20Safety%20Services/05-500%20 Security%20Services/5510.30C.pdf (last visited Feb. 18, 2026). The Board may take official notice of matters that can be verified, such as this. *See* 5 C.F.R. § 1201.64.

[3] *See* DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY, What is Adjudication And Vetting Services (AVS)?, *available at* https://www.dcsa.mil/ Personnel-Vetting/Trust-Decision-Adjudications/About-Adjudication-and-Vetting-Services-AVS/ (last visited Feb. 18, 2026).

pleading. PFR File, Tab 7. On December 2, 2025, the Clerk of the Board issued an order notifying the appellant that, to the extent he was attempting to file a motion to submit new evidence, he must file a motion demonstrating that the evidence is new and material, as defined in 5 C.F.R. § 1201.115(a)(1), (d), and that it was not readily available before the record closed, 5 C.F.R. § 1201.114(a)(4). PFR File, Tab 9 at 3. The order also explained that, to the extent the appellant was attempting to reply to the agency's response to his petition for review, his reply was untimely and he must file a motion establishing good cause for the late filing, 5 C.F.R. § 1201.114(g). *Id.* at 2. The appellant did not respond.

We find that the appellant's pleading, filed more than 8 months after the agency's response to the petition for review, is untimely as a reply. 5 C.F.R. § 1201.114(e) (stating that a reply must be filed within 10 days after the date of service of the response to the petition for review). We do not find that the appellant has established good cause for his untimely reply or that he has established that his evidence is new and material. Although the document contained in his pleading is dated September 2, 2025, shortly before he filed it with the Board, we observe that he did not file his FOIA request seeking this information until June 2025, months after his petition for review was due. PFR File, Tab 4 at 8. He has not explained his delay in filing his FOIA request. Under these circumstances, we do not find that the appellant has established that the information contained in his pleading was not readily available before the record closed. 5 C.F.R. § 1201.114(a)(4). Accordingly, we do not consider his pleading. Because we do not consider the pleading, we need not address the agency's request to file a response or to strike the appellant's pleading. PFR File, Tab 7. Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
                    Gina K. Grippando
                    Clerk of the Board

Washington, D.C.